# EXHIBIT A

## STATE COURT OF BURKE COUNTY
## STATE OF GEORGIA

🍎 EFILED IN OFFICE
CLERK OF STATE COURT
BURKE COUNTY, GEORGIA
**2022S0042**
JACKSON E. COX, II
APR 20, 2022 05:34 AM

Radeta Smith, Clerk
Burke County, Georgia

CIVIL ACTION NUMBER 2022S0042

Nuckles, Sheri

---
**PLAINTIFF**

VS.

Wal-Mart Stores East, LP (Delaware)

---
**DEFENDANT**

### SUMMONS
TO: WAL-MART STORES EAST, LP (DELAWARE)

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

> **David S. Eichholz**
> **The Eichholz Law Firm**
> **319 Eisenhower Drive**
> **Savannah, Georgia 31406**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 20th day of April, 2022.**

Clerk of State Court

Radeta Smith, Clerk
Burke County, Georgia

Page 1 of 1

05/02/2022

**✤ EFILED IN OFFICE**
CLERK OF STATE COURT
BURKE COUNTY, GEORGIA
**2022S0042**
JACKSON E. COX, II
APR 20, 2022 05:34 AM

Radota Smith, Clerk
Burke County, Georgia

IN THE STATE COURT OF BURKE COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHERI NUCKLES, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WAL-MART STORES EAST, )<br>LP (DELAWARE), )<br>)<br>Defendant. ) | Civil Action No. _____ |

**COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
AND DEMAND FOR JURY TRIAL**

COMES NOW SHERI NUCKLES, Plaintiff in the above-captioned matter and submits her Complaint for Personal Injuries and Damages (the "Complaint") against the Defendant WAL-MART STORES EAST, LP (DELAWARE) (hereinafter "Defendant"), by showing this Honorable Court that judgment should be entered in favor of the Plaintiff against the Defendant for the relief sought in the Complaint for the reasons pled as follows:

**PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS**

1.

Plaintiff Sheri Nuckles (hereinafter "Plaintiff") is a citizen and resident of the State of Indiana. Plaintiff resides at 410 Alton Street, Bicknell, Indiana 47512. By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Honorable Court.

2.

Defendant Wal-Mart Stores East, LP (Delaware) (hereinafter "Defendant") is a foreign limited partnership, existing under the laws of the State of Delaware, with its principal place of business in Arkansas. Service of process may be had on Defendant by serving its registered agent,

The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

3.

Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510(b)(3).

## STATEMENT OF FACTS

4.

On or about July 26, 2020, Plaintiff was an invitee of the Defendant on the property located at 1500 N. Liberty Street, Waynesboro, Burke County, Georgia 30830.

5.

On or about July 26, 2020, Plaintiff, while an invitee of Defendant, was walking near the Layaway Department on her way to the restrooms. As she was walking, she tripped on a flatbed cart that was placed near the wall and fell to the floor.

6.

Plaintiff sustained severe personal injuries as a result of the cart being positioned in an obscure location.

7.

The Defendant owed a duty to invitees such as the Plaintiff to keep the premises and approaches safe.

8.

Prior to the subject incident, Defendant was aware or should have been aware of the cart against the wall, and that it constituted a potential danger to its customers.

9.

Plaintiff neither assumed the risk of her accident nor shared in the negligence of Defendant.

Page 2 of 7

05/02/2022

## COUNT I: NEGLIGENCE OF DEFENDANTS

10.

Paragraphs 1 through 9 above are incorporated by reference as if set forth fully herein.

11.

The flatbed cart, in the position it was, constituted a hazardous, dangerous, and unsafe condition.

12.

The Defendant, by statute and through their duly authorized agents, servants and/or employees did violate said duties and were negligent by the following acts and their omissions:

a. By negligently failing to exercise reasonable care to protect against a hazard arising from the cart being left unattended on the subject premises;

b. By failing to exercise due care and caution in the inspection of the premises to ascertain whether or not there were any items on the aforementioned premises that would constitute a danger in an obvious disregard to the safety, health and well-being to the business invitees and the general public;

c. By failing to correct a dangerous condition of the premises, to wit: an obscure flatbed cart near the layaway entrance in the building which could injure business invitees in an obvious disregard for the health, safety, and well-being of those invitees;

d. That said flatbed cart posed an unreasonable risk to invitees, including Plaintiff, by causing a dangerous condition to exist in an area where invitees must traverse in an obvious disregard for the health, safety and well-being of its invitees thereby creating an unavoidable situation; and

e. By the commission of other acts of negligence which are hereby reserved for proof as discovery commences and at trial.

13.

On or about July 26, 2020, Defendant did not take any action to rectify this dangerous condition, or to keep invitees from passing through the area or alert visitors of the dangerous condition, prior to the time that the Plaintiff was injured, despite having actual and/or constructive knowledge of the hazardous condition.

14.

Plaintiff had no knowledge of the existence of the dangerous and unsafe condition. Plaintiff had no reason to anticipate a flatbed cart would be left in an area that customers must traverse upon entering the premises. She had no prior knowledge of the dangerous condition.

15.

All times herein mentioned, Defendant was in control and custody of said property.

16.

The Defendant's negligence proximately caused the injuries, losses and damages suffered by the Plaintiff.

## COUNT II: DAMAGES

17.

Paragraphs 1 through 16 above are incorporated by reference as if set forth fully herein.

18.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff suffered mental and physical injuries requiring medical treatment, as well as other

damages.

19.

As a direct and proximate result of the negligence and negligence *per se* of Defendant, Plaintiff claims general damages against Defendant for all elements of pain and suffering and physical and mental injury, including shock, fright, and terror, endured by Plaintiff in an amount to be determined by the enlightened conscience of the jury after hearing the evidence at trial. Plaintiff has suffered mental and physical injuries requiring medical treatment and will continue to suffer the following:

(a) Past, present and future physical and mental pain, and suffering;

(b) Past, present, and future loss of enjoyment of life;

(c) Past, present, and future loss of earnings and income; and

(d) Past, present, and future loss of ability to labor and earn money, as well as other damages.

20.

Plaintiff claims special damages against Defendant for any medical expenses, including future medical expenses, and loss of earning capacity incurred on her behalf in an amount which reflects the reasonable value of those services as established by the evidence at trial.

21.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover all special damages in an amount to be proved at trial. Currently, Plaintiff has incurred $32,520.28 in medical bills.

22.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover general damages including but not limited to Plaintiff's mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future.

23.

Defendants has acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary troubles or expenses. Plaintiff is therefore entitled recover the expenses of litigation, including but not limited to attorney's fees.

WHEREFORE, Plaintiff prays as follows:

(a) That Defendant be served with process and be required to answer this lawsuit;

(b) That Plaintiff recover recompensive damages from Defendant for the personal injuries which she has suffered in an amount to be determined according to the enlightened conscience of an impartial jury;

(c) That Plaintiff be awarded an amount sufficient to reimburse her for all past, present, and future medical expenses and wage losses associated with his injuries;

(d) That Plaintiff be compensated for the mental and physical pain and suffering related to her injuries;

(e) The Plaintiff be awarded interest at the legal rate on any judgment rendered;

(f) The Plaintiff be awarded expenses of litigation in bringing this action;

(f) That the Plaintiff have a trial by a jury of twelve (12) persons; and

(g) That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

This the 20th day of April 2022.

                                                  THE EICHHOLZ LAW FIRM, P.C.

                                                  */s/* David S. Eichholz
                                                  DAVID S. EICHHOLZ
                                                  Georgia State Bar No. 502134
                                                  *Attorney for Plaintiff*

319 Eisenhower Drive
Savannah, GA 31406
(912) 232-2791 - phn
(912) 629-2560 - fax
David@thejusticelawyer.com

Page 7 of 7

05/02/2022