IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHERI NUCKLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-088 |
| | ) | |
| WALMART STORES EAST, L.P. | ) | |
| (DELAWARE), | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

After tripping over a cart at a Walmart in Waynesboro, Georgia, Plaintiff alleges Defendant is liable for her mental and physical injuries and medical treatment. (See Compl., doc. no. 1-1.) Plaintiff filed this action in the Superior Court of Burke County, and Defendant filed a Notice of Removal on July 15, 2022, asserting diversity of citizenship and an amount in controversy that exceeds $75,000. (Doc. no. 1, pp. 2-3.) There is no specific amount of damages claimed in the complaint beyond $32,520.28 in medical bills. (Doc. no. 1-1, p. 7.)

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). If the amount is not facially apparent from the complaint, "the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Id. Further, the burden of proving the jurisdictional amount lies with the removing defendant. Id.

Here, Plaintiff does not request a specific amount of damages in the complaint beyond $32,520.28 in medical expenses. (See generally doc. no. 1-1.) The stated basis for satisfaction of the amount in controversy is Plaintiff's response to Defendant's request for admissions where Plaintiff admitted—without any support—the total amount in controversy is greater than or equal to $75,000. (See doc. no. 1-2.) Thus, it is not facially apparent from the complaint that Plaintiff's claims exceed the amount in controversy requirement.

"[A] federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). Although a defendant must not "banish all uncertainty about" the amount in controversy, it must provide, at a minimum, specific factual allegations that, when "combined with reasonable deductions, reasonable inferences, and other reasonable extrapolations," allow the Court to conclude that the amount in controversy is satisfied, and the Court's analysis "focuses on how much is in controversy at the time of removal, not later." Pretka v. Kolter City Plaza, II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). Accordingly, the Court **ORDERS** Defendant to provide sufficient evidence within fourteen days of the date of this Order that the jurisdictional amount is in controversy.

SO ORDERED this 3rd day of August, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA