IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SHERI NUCKLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 122-088 |
| | ) | |
| WALMART STORES EAST, L.P. | ) | |
| (DELAWARE), | ) | |
| | ) | |
| Defendant. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

In consideration of the record, the Court **REPORTS** and **RECOMMENDS** this case be **REMANDED** to the State Court of Burke County, Georgia, based on lack of subject-matter jurisdiction, and this civil action be **CLOSED**.

I.      BACKGROUND

After tripping over a cart at a Walmart in Waynesboro, Georgia, Plaintiff alleges Defendant is liable for her mental and physical injuries and medical treatment. (See Compl., doc. no. 1-1.) Plaintiff filed this action in the State Court of Burke County, and Defendant filed a Notice of Removal on July 15, 2022, asserting diversity of citizenship and an amount in controversy that exceeds $75,000. (Doc. no. 1, pp. 2-3.) There is no specific amount of damages claimed in the complaint beyond $32,520.28 in medical bills. (Compl., p. 7.)

On August 3, 2022, the Court issued an Order directing Defendant to provide sufficient evidence within fourteen days establishing the amount in controversy after finding it is not facially apparent from the complaint that Plaintiff's claim exceeds the amount in controversy

requirement.  (Doc. no. 9.)   In response, Defendant argues the amount in controversy is

satisfied because Plaintiff has already accumulated $32,520.28 in medical bill and admitted

the amount in controversy exceeds $75,000 in her response to Defendant's requests for

admissions.  (See doc. no. 11, 11-1, 11-2.)

## II.      DISCUSSION

Generally, a defendant may remove an action from state court when the federal court

would possess original jurisdiction over the subject matter, "except as otherwise expressly

provided by an Act of Congress." 28 U.S.C. § 1441(a).  "The district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

$75,000, exclusive of interest and costs, and is between citizens of different States . . . ."  28

U.S.C. § 1332(a)(1).  The Court construes the removal statute narrowly.  Pretka v. Kolter City

Plaza II, Inc., 608 F.3d 744, 766 (11th Cir. 2010).  "Indeed, all doubts about jurisdiction should

be resolved in favor of remand to state court."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d

405, 411 (11th Cir. 1999) (citation omitted).

A removing defendant has the burden to establish federal jurisdiction.  See Lowery v.

Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).  And the removing party must point to

facts, not conclusory allegations, to meet its burden.  See Williams v. Best Buy Co., 269 F.3d

1316, 1319-20 (11th Cir. 2001).  "A court's analysis of the amount-in-controversy requirement

focuses on how much is in controversy at the time of removal, not later."  Pretka, 608 F.3d at

751.

Moreover, "[w]here, as here, the plaintiff has not pled a specific amount of damages,

the removing defendant must prove by a preponderance of the evidence that the amount in

controversy exceeds the jurisdictional requirement."  Williams, 269 F.3d at 1319.  Although a

defendant need not "banish all uncertainty about" the amount in controversy, the Court requires a removing defendant to make "specific factual allegations establishing jurisdiction [that can be supported] . . . with evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." Pretka, 608 F.3d at 754; see also Dudley v. Eli Lilly and Co., 778 F.3d 909, 913 (11th Cir. 2014) (explaining "pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover. (citations, emphasis, and quotation omitted)). That is, the existence of jurisdiction should not be "divined by looking to the stars." Lowery, 483 F.3d at 1215.

An indeterminate claim for damages is not dispositive but should not be ignored by the Court. See Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1064 (11th Cir. 2010). Rather, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Id. at 1062 (footnote omitted). The Court's analysis is also guided by the following cautionary words from the Eleventh Circuit:

> Because jurisdiction cannot be conferred by consent, the district court should be leery of any stipulations the parties offer concerning the facts related to jurisdiction. Given that the parties share the goal of having this case decided in federal court, the district court should be especially mindful of its independent obligation to ensure that jurisdiction exists before federal judicial power is exercised over the merits of the case.

Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1275 (11th Cir. 2000).

Here, Defendant has failed to meet its burden by a preponderance of the evidence to show that the amount in controversy exceeds $75,000. The medical bills do not approach the amount in controversy, and the only other evidence provided is a response to a request for admissions simply stating the total amount in controversy is greater than or equal to $75,000.

3

However, much like a stipulation, Plaintiff's responses to requests for admissions are insufficient proof of the amount in controversy standing alone. Morrison, 228 F.3d at 1275; Streicher v. Sam's E., Inc., No. CV419-01, 2019 WL 1011815, at *3 (S.D. Ga. Mar. 4, 2019) ("[R]equests for admission are clearly aimed at establishing the amount in controversy and are akin to asking Plaintiffs to stipulate that the amount in controversy exceeds $75,000.").

Likewise, the general request for medical expenses and lost wages, special and general damages, and attorney's fees in the complaint provides no detail or basis upon which the Court can make reasonable deductions, inferences, or other extrapolations. See Pretka, 608 F.3d at 754; see also Williams, 269 F.3d at 1318, 1320 (rejecting contention that amount in controversy facially exceeded $75,000 where complaint alleged trip over curb caused permanent physical and mental injuries, substantial medical expenses, lost wages, diminished earning capacity—all of which would continue in future—and complaint contained demand for both compensatory and punitive damages in unspecified amounts).

As explained above, the Court has an "independent obligation" to ensure federal jurisdiction exists. Morrison, 228 F.3d at 1275. Here, the Court cannot conclude the defense has met its burden to show by a preponderance of the evidence the value of this case meets the $75,000 jurisdictional threshold. Indeed, this finding is in line with the conclusions of District Courts within the Eleventh Circuit. See Williams v. Walmart Stores East, LP, CV 118-083, 2018 WL 3749470, at *2-3 (S.D. Ga. July 9, 2018) (finding no jurisdiction in slip and fall case with approximately $15,000 in medicals, pre-removal refusal by Plaintiff's counsel for stipulation of damages less than $75,000, and general request for future damages and ongoing pain and suffering damages), adopted by, 2018 WL 3747454 (S.D. Ga. Aug. 7, 2018) (Hall, C.J); Kenney v. Briggs & Stratton Corp., CV 116-113, 2016 WL 6650845, at *2-3 (S.D. Ga.

4

Nov. 9, 2016) (finding no jurisdiction in pressure washer injury case with $36,000 in medicals, post-removal removal response to request for admission that damages exceed $75,000, and $100,000 settlement demand), *adopted by*, 2016 WL 7131539 (S.D. Ga. Dec. 6, 2016) (Hall, C.J.); Cobb v. Sanders, CV 116-073, 2016 WL 4197595, at *3 (S.D. Ga. Aug. 9, 2016) (finding no jurisdiction in vehicle accident case with $31,000 in medicals, allegations of general damages, and demand letter for $225,000), *adopted by*, 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016) (Hall, C.J.); Arrington v. Wal-Mart Stores, Inc., No. 7:13-CV-154, 2014 WL 657398, at *1 (M.D. Ga. Feb. 20, 2014) (finding no jurisdiction in slip-and-fall case with $44,000 in medicals and insufficient evidence to calculate future monetary losses); Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (finding no jurisdiction in slip-and-fall case with $45,000 in medicals, allegations of general damages, and a demand letter for $125,000); but see Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52, 2013 WL 1748608, at *2 (M.D. Ga. Apr. 23, 2013) (finding jurisdiction in premises liability case with $13,000 in medicals and the possibility of two future surgeries).

## III.   CONCLUSION

Because there is no subject-matter jurisdiction, the Court **REPORTS** and **RECOMMENDS** this action be **REMANDED** to the State Court of Burke County, Georgia, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 22nd day of August, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

5