IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| SHERI NUCKLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 122-088 |
| ) | |
| WALMART STORES EAST, L.P. ) | |
| (DELAWARE), ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 14.) The Magistrate Judge recommended remand based on a finding Defendant failed to prove the amount in controversy exceeds $75,000. (Doc. no. 12.) Along with its objections, Defendant submitted an August 8, 2022 letter from Plaintiff's counsel detailing Plaintiff's medical care and demanding $225,000. (Doc. no. 14-1.) Defendant provided no information concerning whether it made a counteroffer and, if so, whether it meets or exceeds $75,000.

A settlement demand, while not determinative, can be helpful in determining the amount in controversy if it provides specific information to support Plaintiff's claim and offers a reasonable valuation. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994); Hopkkins v. Eastman Outdoors, Inc., No. CV 114-165, 2014 WL 5107022, at *2 (S.D. Ga. Oct. 10, 2014); see Cross v. Wal-Mart Stores, E., LP, No. 7:11-CV-21, 2011 WL 976414, at *2 (M.D. Ga. Mar. 17, 2011) (commenting demand letters often amount to mere posturing for

settlement purposes); Golden Apple Mgmt. Co. v. GEAC Computers, Inc., 990 F. Supp. 1364, 1368 (M.D. Ala. 1998) (same).

The mere fact Plaintiff's counsel made an opening settlement demand that is nearly eight times more than Plaintiff's medical expenses does not sway the Court that there is at least $75,000 in controversy. See Webb v. Dollar Tree Stores, Inc., No. CV421-178, 2022 WL 529241, at *3 (S.D. Ga. Feb. 22, 2022) (finding $500,000 demand unpersuasive); Cobb v. Sanders, No. CV 116-073, 2016 WL 4197595, at *2 (S.D. Ga. Aug. 9, 2016) (concluding $225,000 demand insufficient when medical bills totaled $29,900), *adopted by* 2016 WL 4582067 (S.D. Ga. Sept. 1, 2016); Piazza v. Ambassador II JV, L.P., No. 810-CV-1582-T-23EAJ, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (finding $225,000 demand insufficient).

Accordingly, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, **REMANDS** this case to the State Court of Burke County, State of Georgia, Case Number 2022S0042, for lack of subject-matter jurisdiction, and **CLOSES** this civil action.

SO ORDERED this ___13th___ day of September, 2022, at Augusta, Georgia.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA